IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:16cr148 |
| ) | |
| TROY C. BALDRIDGE, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The United States and the defendant, TROY C. BALDRIDGE, agree that the allegations in Count One of the Criminal Information and the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven each of them beyond a reasonable doubt:

1. From in or around September 2011 through in around July 2016, within the Eastern District of Virginia and elsewhere, the defendant, TROY C. BALDRIDGE, for the purposes of executing the scheme and artifice and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, did knowingly cause to be placed in any authorized depository for mail matter, any matter and thing whatever to be sent and delivered by a commercial interstate carrier, specifically on or about March 6, 2013, BALDRIDGE did knowingly cause a package to be delivered via commercial interstate carrier from Pershing in Jersey City, New Jersey, to P.M.—the power of attorney for client E.C.—in Richmond, Virginia, containing a $85,000 check from E.C.'s investment account.

2. At all times relevant to Count One, Defendant TROY C. BALDRIDGE was an individual residing in Richmond, Virginia.

3. At all times relevant to Count One, BALDRIDGE was a Senior Vice President and Director of Managed Investments at an investment brokerage in Glen Allen, Virginia. BALDRIDGE also was a registered investment adviser and registered broker-dealer during all times relevant to Count One.

### Scheme and Artifice to Defraud

4. From in or around September 2011 through in around July 2016, within the Eastern District of Virginia and elsewhere, BALDRIDGE did willfully and knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property, specifically by embezzling and misappropriating client funds, so that BALDRIDGE could profit personally.

5. On at least 15 occasions, BALDRIDGE transferred funds from client investment accounts to BALDRIDGE's own bank accounts for his own use, without notice to or consent from clients. BALDRIDGE forged the requisite client signatures to effectuate the transactions when necessary.

6. In some instances, clients asked BALDRIDGE for explanations after they noticed the unauthorized transactions. BALDRIDGE lied to clients and made excuses for the misappropriation of their funds. For example, BALDRIDGE told widow P.T. that her deceased husband had authorized a "loan" to him when, in truth and fact, he had not.

7. In some instances, BALDRIDGE transferred funds from clients' investment accounts that resulted in clients owing additional taxes. When clients asked BALDRIDGE for

explanations as to why they owed taxes, BALDRIDGE lied to clients and made excuses for the misappropriation of their funds or falsely claimed that no taxes were due.

8. BALDRIDGE often avoided clients who sought to ask questions about unauthorized transactions.

9. BALDRIDGE knew that some of his clients did not pay close attention to their investment account statements.

10. In furtherance of the scheme, BALDRIDGE placed and caused to be placed in any post office and authorized depository for mail matter the following, in order to be sent and delivered by commercial interstate carrier:

   a. On or about March 6, 2013, BALDRIDGE caused a package to be delivered via commercial interstate carrier from Pershing in Jersey City, New Jersey, to P.M.—the power of attorney for client E.C.—in Richmond, Virginia, containing a $85,000 check from E.C.'s investment account.

11. During the course of the scheme, BALDRIDGE fraudulently caused at least $543,206.23 in losses to his clients.

12. BALDRIDGE committed the offenses herein knowingly, voluntarily, and without mistake or accident.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/ Jessica D. Aber
Jessica D. Aber
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, TROY C. BALDRIDGE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

TROY C. BALDRIDGE
Defendant

I am TROY C. BALDRIDGE's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

William J. Dinkin, Esq.
Attorney for TROY C. BALDRIDGE